## PAHDE v. PATE ET AL.

[No. 6,688.   Filed October 6, 1909.   Rehearing denied January 5,
1910.]

APPEAL.—*Weighing Evidence.* — *Fraudulent Conveyances.* — *Insolvency.*—The Appellate Court will not weigh conflicting evidence as to whether a defendant was solvent at the time of his alleged fraudulent conveyance of his property.

From Daviess Circuit Court; *H. Q. Houghton*, Judge.

Suit by John H. Pahde against Emma F. Pate and another. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*William L. Slinkard*, for appellant.

*Hastings, Allen & Hastings* and *C. E. Henderson*, for appellees.

ROBY, P. J.—The appellant, who avers himself to be a judgment creditor of appellee James O. Pate, seeks in this suit to have certain conveyances made by said appellee to his coappellee and wife, Emma F. Pate, set aside as fraudulent. The complaint is in two paragraphs, in one of which it is averred that the grantee had full knowledge of the fraudulent purpose thereof, and in the other that she gave no consideration. The defendant answered by a denial. The issue was found against the plaintiff, a general finding made for defendants, and judgment rendered accordingly. Plaintiff moved for a new trial, and stated as grounds therefor that the finding of the court is contrary to law and not sustained by sufficient evidence.

Appellant states his contention in this court as follows: "The question to be determined is whether there is any evidence to sustain the finding of the court. In this connection we maintain that there is no evidence to sustain the finding of the court." An essential averment of the complaint was that defendants did not have sufficient other property

subject to execution out of which the plaintiff's claim could be made. The conveyances in question were made in 1899. In March, 1901, Pate became a voluntary bankrupt, his estate paying thirteen per cent. There is evidence which would perhaps have justified a finding of insolvency at the date of the conveyance, but there is also evidence which indicates the possession of considerable property by Pate. It would be a matter of some difficulty to determine the fact, as an original proposition, from the record, but coming to us with all legitimate inferences in the defendants' favor added, and all conflicts in evidence resolved against the plaintiff, we cannot say that insolvency was proved, as required to make out the plaintiff's case. The record illustrates the wisdom of the rule which leaves the weighing of evidence and finding of facts to the trial court. The judge of that court, hearing the testimony and observing the witnesses, was more capable of finding the truth than any appellate court could become from a study of the transcript.

It is not necessary to review other phases of the case, and the judgment is affirmed.